**Ruth E. URBAN, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent–Appellee.**

No. 91–70526.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 1992.[*]

Decided May 13, 1992.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Before: HUG, THOMPSON, and FERNANDEZ, Circuit Judges.

PER CURIAM:

Ruth E. Urban appeals pro se the tax court's order granting the Commissioner of Internal Revenue's ("CIR") motion for judgment on the pleadings. We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and affirm the tax court's decision.[1]

## I

### Standard of Review

■ Whether the tax court's judgment on the pleadings was proper is a question of law which we review de novo. *See Grimes v. Commissioner,* 806 F.2d 1451, 1453 (9th Cir.1986).

## II

### Merits

Urban does not dispute that she earned wages during the tax year in question, 1984, nor does she allege that the CIR made any computing errors in calculating the amount of her tax deficiency based on these wages. Instead, Urban contends that the CIR's notice of deficiency was not valid because it was not properly signed as is required by the Internal Revenue Manual ("IRM").[2] This contention lacks merit.

■ The CIR's notice of deficiency was valid. The Internal Revenue Code does not require the notice of deficiency to be signed. *See* 26 U.S.C. § 6212 ("[i]f the Secretary determines that there is a deficiency ... he is authorized to send such deficiency to the taxpayer by certified mail or registered mail"); *see also Commissioner v. Oswego Falls Corp.,* 71 F.2d 673, 677 (2d Cir.1934) (notice of deficiency need not

Ruth E. Urban, Rancho Cucamonga, Cal., pro se.

Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, David English Carmack, Christine A. Grant, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

---

1. The tax court also imposed a $1,000 sanction against Urban pursuant to 26 U.S.C. § 6673(a)(1). On appeal, however, Urban does not challenge this aspect of the tax court's ruling. Accordingly, we affirm this aspect of the tax court's ruling. *See Wilcox v. Commissioner,* 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) ("[a]rguments not raised in brief are deemed abandoned").

2. The IRM contemplates that the delegates authorized to issue notice of deficiencies will either sign, initial, or have a machine imprinting of the Director's signature on the notice of deficiency. *See* IRM § 4(13)14.3(2)(a), (b) & (c).

be signed). Moreover, in *Scar v. Commissioner*, we held that "no particular form is required for a valid notice of deficiency, . . . and the Commissioner need not explain how the deficiencies were determined." 814 F.2d 1363, 1367 (9th Cir.1987) (citation omitted). In addition, the CIR's compliance with the IRM's requirements is not mandatory. *See Ward v. Commissioner*, 784 F.2d 1424, 1430–31 (9th Cir.1986) (policies directed at governing IRS conduct are not mandatory); *see also United States v. Horne*, 714 F.2d 206, 207 (1st Cir.1983) (IRM provisions are not mandatory).

▮ Furthermore, the summary disposition of Urban's petition does not violate due process. Urban was given the opportunity to assert errors in the CIR's determination of deficiency. Urban, however, chose not to challenge any of the factual assertions by the CIR but instead advanced clearly meritless legal arguments which the tax court reviewed and rejected. Given these circumstances, the tax court did not err by dismissing the action without a hearing. *See, e.g., Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir.1988) (affirming tax court's dismissal of petition); *accord Knighten v. Commissioner*, 702 F.2d 59, 61 (5th Cir.) (if petitioner fails to assert any factual dispute and all his legal arguments are clearly meritless, "there is simply no point in having [a hearing]; the Constitution does not require such futile exercises"), *cert. denied*, 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983); *see also Stonechipher v. Bray*, 653 F.2d 398, 403 (9th Cir.1981) (statutory scheme for contesting CIR's deficiency determinations comports with due process), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982).[3]

### III

#### Appellate Sanctions

▮ The CIR requests sanctions against Urban for bringing this appeal. We have discretion to impose sanctions against litigants, even pro se, for bringing

a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; *Wilcox*, 848 F.2d at 1008–09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. *Wilcox*, 848 F.2d at 1009 (citation omitted). Urban's claims are meritless. Nevertheless, in exercise of our discretion, we decline to impose sanctions.

AFFIRMED.

---

**3.** To the extent Urban seeks to challenge the District Director's authority to issue a notice of deficiency, this argument fails. *See United* *States v. Saunders*, 951 F.2d 1065, 1067–68 (9th Cir.1991).