**Frank TAVANO, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

No. 91–4078.

United States Court of Appeals,
Eleventh Circuit.

March 29, 1993.

Gary R. Allen, Tax Div., Dept. of Justice, Scott P. Towers, Brian C. Griffin, Charles E. Brookhart, Washington, DC, for respondent-appellee.

Before KRAVITCH and ANDERSON, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

In *Brafman v. United States*, 384 F.2d 863 (5th Cir.1967), our predecessor circuit wrote in dictum that a notice of tax deficiency sent to a taxpayer by the Internal Revenue Service need not be signed in order to be valid. *Id.* at 865 n. 4 (citing *Commissioner v. Oswego Falls Corp.*, 71 F.2d 673, 677 (2d Cir.1934), and 9 Jacob Mertens, Jr., Federal Income Taxation § 49.186 (1965)).[1] We now expressly so hold. Accordingly, we affirm the judgment of the tax court holding appellant Tavano liable for tax deficiencies and additions.[2]

L.Ed.2d 78 (1985); *Theriault v. Silber*, 579 F.2d 302 n. 1 (5th Cir.1978).

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as circuit precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2. In addition to the fact that his notice of deficiency was unsigned, Tavano argues six other grounds for reversal, all of which are meritless. Tavano claims that the tax court erred by: (1) denying his motion for a protective order; (2) not finding the deficiency notice arbitrary, excessive, or without factual foundation; (3) denying his motions to strike the testimony of certain witnesses and for rehearing; (4) admitting evidence obtained in violation of the Fourth Amendment to the United States Constitution and article I, section 12 of the Florida Constitution; (5) disallowing certain deductions and interfering with his rights under article I, section 23 of the Florida Constitution; and (6) upholding the Commissioner's additions to tax for negligent disregard of the tax laws and substantial understatement of income tax.

## I.

On April 5, 1988, Tavano received from the Commissioner of Internal Revenue a statutory notice of deficiency notifying him of taxes and additions to taxes owed for tax years 1985 and 1986. The notice did not contain the signature, stamp, or seal of the Commissioner or of a representative of the Commissioner. Tavano properly filed a petition in the tax court seeking redetermination of his tax liability. The tax court upheld the Commissioner's determinations.

## II.

The Internal Revenue Code authorizes the Commissioner to notify a taxpayer by certified or registered mail of a deficiency in income tax owed. 26 U.S.C. § 6212(a) (1988). The mailing of a valid notice of deficiency is generally a prerequisite to formal assessment and collection of the deficiency by the IRS. *Id.* § 6213(a); *see, e.g., H & H Beverage Distributors v. Dep't of Revenue,* 850 F.2d 165, 168 (3d Cir.), *cert. denied,* 488 U.S. 994, 109 S.Ct. 560, 102 L.Ed.2d 586 (1988); *United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *Meyer v. Commissioner,* 97 T.C. 555, 560 (1991). Tavano challenges the validity of the notice he received on the ground that it was unsigned.

The Code does not expressly require a notice of deficiency to be signed. *Urban v. Commissioner,* 964 F.2d 888, 889 (9th Cir.1992); *Oswego Falls Corp.,* 71 F.2d at 677, *cited in Brafman,* 384 F.2d at 865 n. 4. Indeed, it prescribes no form at all for deficiency notices. *Benzvi v. Commissioner,* 787 F.2d 1541, 1542 (11th Cir.), *cert. denied,* 479 U.S. 883, 107 S.Ct. 273, 93 L.Ed.2d 250 (1986). The Internal Revenue Manual does specify the manner in which delegates of the Commissioner who are authorized to issue notices of deficiency should sign notices. I.R.M. § 4(13)14.3(2); *Urban,* 964 F.2d at 889 n. 2. It does not, however, purport to condition the validity of a deficiency notice on a proper signature. *See Urban,* 964 F.2d at 890; *see also United States v. Horne,* 714 F.2d 206, 207 (1st Cir.1983) (holding that the manual's

provisions are not mandatory); *United States v. Will,* 671 F.2d 963, 967 (6th Cir. 1982) (same); *Smith v. United States,* 478 F.2d 398, 400 (5th Cir.1973) (same as to the manual's predecessor).

Judge Learned Hand explained that "the notice [of deficiency] is only to advise the person who is to pay the deficiency that the commissioner means to assess him; anything that does this unequivocally is good enough." *Olsen v. Helvering,* 88 F.2d 650, 651 (2d Cir.1937), *quoted in Benzvi,* 787 F.2d at 1542. The notice Tavano received adequately advised him that the Commissioner intended to assess him, notwithstanding that the notice was unsigned. Thus, the tax court properly proceeded to evaluate the correctness of the Commissioner's determinations.

The judgment of the tax court is AFFIRMED.