15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In the Matter of Paramvir Singh TULI, Debtor.
Balbir Singh TULI, Appellant,
v.
CHARTER PACIFIC BANK, Appellee.
 No. 92-16317.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 25, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Balbir Singh Tuli appeals pro se the district court's dismissal of his appeal from the bankruptcy court's dismissal of his involuntary Chapter 11 bankruptcy petition, filed to force his son, Paramvir, into bankruptcy. We have jurisdiction under 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 The district court dismissed as moot Tuli's appeal because the properties of the estate were sold after the bankruptcy was dismissed and before the appeal. This court reviews questions of mootness de novo. Friends of the Payette v. Horseshoe Bend Hydroelectric Co., 988 F.2d 989, 996 (9th Cir.1993).
 
 
 4
 Fed.R.Bankr. 8005 provides that "[a] motion for stay of the judgment, order or decree of a bankruptcy judge ... pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." The bankruptcy judge has the discretion to suspend or order the continuation of other proceedings in the case pending an appeal, provided the rights of all parties in interest are protected. See Fed.R.Bankr. 8005 Adv.Comm.Notes (1983). Rule 8005 further provides for application to the district court or bankruptcy appellate panel for a stay pending appeal if such relief is not obtained from the bankruptcy judge.
 
 
 5
 When an appellant fails to obtain a stay of a bankruptcy court's order permitting the sale of assets, and the assets are sold while the appeal is pending, the appeal becomes moot. Mann v. Alexander Dawson Inc. (In re Mann), 907 F.2d 923, 926 (9th Cir.1990). There are two situations where failure to obtain a stay will not render an appeal moot: (1) if the real property is sold to a creditor subject to the right of redemption or reinstatement, or (2) if state law would otherwise permit the transaction to be set aside. Id.
 
 
 6
 Here, the appellee/creditor Charter Pacific Bank ("Bank") moved the bankruptcy court to (1) terminate the automatic stay so the Bank could continue its foreclosure proceedings on the two properties of the estate and (2) dismiss the involuntary Chapter 11 petition in its entirety. During a hearing in which the bankruptcy court granted the Bank's motion to dismiss, Tuli, who held a junior lien on the two properties, orally moved for a stay pending appeal. On September 11, 1991, the bankruptcy court formally dismissed the involuntary Chapter 11 petition. The court later denied Tuli's oral motion for a stay, and provided that if Tuli filed an appeal and a written motion pursuant to Rule 8005, the court would reconsider a stay of the proceeding and whether a bond was required. On September 16, 1991, Tuli filed an appeal of the bankruptcy court's dismissal of the petition.
 
 
 7
 We conclude that the district court did not err by dismissing Tuli's appeal as moot. The bankruptcy court had discretion to refuse to grant Tuli's oral motion for a stay pending an appeal. See Fed.R.Bankr. 8005. Tuli never filed a written motion requesting a stay with the bankruptcy court, nor did he pursue a stay pending appeal with the district court or a bankruptcy appellate panel. See id. Because Tuli failed to obtain a stay pending appeal, the Bank was free to complete its foreclosure proceedings on the two properties as the automatic stay was lifted. See 11 U.S.C. Sec. 362(c)(1)(B); Fed.R.Bankr. 8005. After the two properties were sold at trustee's sales, Tuli's appeal became moot. See In re Mann, 907 F.2d at 926. Moreover, although the properties initially were purchased by the Bank, Tuli was not excused from obtaining a stay pending appeal because his right of redemption or reinstatement as an inferior lien holder under California law expired five days prior to the sale and he has not offered any state law provision that would allow the transaction to be otherwise set aside. See Cal.Civ.Code Secs. 2904, 2924c(a)(1), (e); see also In re Mann, 907 F.2d at 926-27.
 
 
 8
 The Bank requests that this court impose sanctions against Tuli for his "patently frivolous" appeal. This court has discretion to impose sanctions for bringing a frivolous appeal, even where a litigant is pro se. 28 U.S.C. Sec. 1912; Fed.R.App.P. 38; Urban v. Commissioner, 964 F.2d 888, 890 (9th Cir.1992). An appeal is frivolous "if the results are obvious or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). This court does not impose sanctions lightly as it is aware that an appeal that lacks merit is not always frivolous. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986).
 
 
 9
 Because we conclude that Tuli's appeal was not frivolous, we decline to impose sanctions. See Grimes, 806 F.2d at 1454.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3