24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re KAYGEE (USA) INC., Debtor,
CHARTER PACIFIC BANK, Plaintiff-Appellee,
v.
Balbir Singh TULI, Defendant-Appellant,
 No. 92-55824.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 17, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Balbir Singh Tuli appeals pro se the district court order imposing sanctions for filing a frivolous appeal from the bankruptcy court. This court has jurisdiction under 28 U.S.C. Sec. 158(d). We review the imposition of sanctions for an abuse of discretion, Chambers v. Nasco, Inc., 111 S.Ct. 2123, 2138 (1991), and we affirm.
 
 
 3
 On April 10, 1991, the bankruptcy court issued an order terminating the automatic stay resulting from Tuli's filing of an involuntary bankruptcy petition against Kaygee (USA), Inc. ("Bankruptcy Court Order"). On April 17, 1991, Tuli timely filed a notice of appeal to the district court. On October 15, 1991, the district court issued an order dismissing Tuli's appeal with prejudice for failure to prosecute ("District Court Order"). Tuli did not appeal the district court order to this court. On February 13, 1992, Tuli filed a second notice of appeal in the district court from the Bankruptcy Court Order. The district court dismissed Tuli's second notice of appeal and imposed sanctions of $2,500 for filing a frivolous appeal.
 
 
 4
 Bankr.R. 9011 is the primary legal basis for sanctions in bankruptcy proceedings. In re Grantam Bros., 922 F.2d 1438, 1441 (9th Cir.1991). Because the language of Rule 9011 is virtually identical to that of Fed.R.Civ.P. 11, courts considering sanctions under Bank.R. 9011 rely on cases decided under Rule 11. Id. Under Bankr.R. 9011, as under Rule 11, a district court may impose sanctions if the pleading or paper is filed for an improper purpose, or if the pleading is frivolous. Townsend v. Halman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). A pleading is frivolous if it is baseless and made without a reasonable and competent inquiry. Id. The district court may infer an improper purpose when it has solid evidence of a pleading's frivolousness. Id. at 1365. Pro se litigants are subject to Rule 11 sanctions and their filings, like those of attorneys, are judged by an objective standard of reasonableness. Cook v. Peter Kiewit Sons, Co., 775 F.2d 1030, 1037 n. 13 (9th Cir.1985); Business Guides v. Chromatic Communications, Enterprises, 892 F.2d 802, 811 (9th Cir.1989), aff'd 111 S.Ct. 922 (1991).
 
 
 5
 Here, Tuli failed to file a notice of appeal from the October 15 district court order to this court. Therefore, the district court order became final and nonappealable on October 25, 1991, ten days after entry onto the docket. See 28 U.S.C. Sec. 158(c); Bank.R. 8002(a). Tuli's second notice of appeal from Bankruptcy Court Order was filed more than four months after the District Court Order became a final, nonappealable Order. The district court properly found that, despite Tuli's pro se status, a reasonable inquiry would have revealed that neither existing law nor a good faith argument for the modification of existing law supported the filing of a second notice of appeal. In light of Tuli's repetitive filings in the bankruptcy and district courts,[1] the district court did not abuse its discretion by imposing sanctions of $2,500.[2]
 
 
 6
 The Bank asks this court to impose sanctions against Tuli for filing a "transparently frivolous" appeal. This court has discretion to impose sanctions against a pro se litigant for filing a frivolous appeal. See Urban v. Commissioner, 964 F.2d 888, 890 (9th Cir.1992); Fed.R.App.P. 38. An appeal is frivolous "if the results are obvious or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Because the appeal on the appropriateness of sanctions was not frivolous, we do not impose sanctions on appeal. See Grimes, 806 F.2d at 1454.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This was the first of four related involuntary petitions filed to stay the foreclosure of certain properties held by Kaygee (USA), Inc. The bankruptcies are as follows: (1) In re Kaygee (USA), Inc., No. LA 90-21884 AA; (2) In re Paramvir Singh Tuli, No. 91-02935-PHX-SSC; (3) In re Kaygee (USA), Inc., No. 91-07124-PHX-RTB; and (4) In re Balbir Singh Tuli, No. 91-10615-PHX-RTB. Tuli has filed at least three of these petitions. All have been dismissed
 
 
 [2]
 We have considered and reject Tuli's contention that the second notice of appeal is timely pursuant to Bank.R. 8002(b)