34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Edward C. STOCK, aka Stock Ranches, Debtor,
Edward C. STOCK; David P. Sweeney, Appellants,
v.
HARBICHT RESEARCH, INC. EMPLOYEES PROFIT SHARING PLAN;
William W. McEwen, Jr., Inc. Pension Plan; Vena J.
MacKinnon; Mobilehome Properties, Inc. Pension Plan; Fred
W. Cluff; Virginia E. Cluff; Chester N. Jensen; Frances
Jensen, Appellees.
 No. 93-55826.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Debtor Edward C. Stock and creditor David P. Sweeney, appeal pro se the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy judge's order dismissing Stock's bankruptcy case for failure to file a timely Chapter 12 plan pursuant to 11 U.S.C. Sec. 1221. We have jurisdiction pursuant to 26 Sec. 158(d). We review de novo a decision of the BAP, see Estate of Catli v. Catli (In re Catli), 999 F.2d 1405, 1406 (9th Cir.1993), and we affirm.
 
 
 3
 * Background
 
 
 4
 Stock was in the business of growing and selling dates and ornamental palms on a 29 acre ranch in Thermal, California. Sweeney held a junior deed of trust on Stock's property. In August 1991, Stock defaulted on his loan obligation to Harbicht Research Inc. and a number of other creditors, (collectively "Harbicht"), and in response, Harbicht scheduled a foreclosure sale of Stock's real property. On December 30, 1991, one day before the scheduled sale, Stock filed a Chapter 12 petition, thereby staying the foreclosure sale. Subsequently, Harbicht filed a motion for relief from the stay, asserting in part, that it was not adequately protected. At the preliminary hearing on the stay motion, the bankruptcy court indicated that it would deny the motion and scheduled a final hearing for April 10, 1992.
 
 
 5
 On March 31, 1992, the bankruptcy court issued an order requiring Stock to show cause why his bankruptcy case should not be dismissed for failure to file a plan within the 90-day time limit set forth in 11 U.S.C. Sec. 1221. The court scheduled a hearing on the dismissal for April 10, 1992. On April 1, 1992, Stock filed a motion for a 16 day extension of time to file his plan. At the April 10 hearing, the bankruptcy court denied Stock's request for the extension and dismissed the case for failure to file a plan within the statutory 90-day period. The BAP affirmed the bankruptcy court's order[1] and Stock and Sweeney timely appealed.
 
 II
 Merits
 A. Notice of Hearing
 
 6
 Appellants contend that the bankruptcy court erred by dismissing Stock's petition because the court failed to give him 20 days notice of the dismissal hearing as required by Bankr. Rule 2002(a)(5). This contention lacks merit.
 
 
 7
 Under Bankr. Rule 2002(a)(5), the bankruptcy court must afford the parties in interest not less than 20 days notice of a hearing on the dismissal of a chapter 12 case. Under Bankr. Rule 9006(c)(1),[2] however, the bankruptcy court may, within its discretion, shorten this notice period.
 
 
 8
 Here, Stock has provided no persuasive argument as to why the bankruptcy court abused its discretion by shortening the 20-day notice of dismissal period. Stock was on notice that he had 90 days to file a plan and that failure to file a plan within this statutory period would result in the dismissal of his bankruptcy case. See 11 U.S.C. Sec. 1221. The bankruptcy court dismissed Stock's case more than 10 days after the statutory period had expired, and Stock attended the dismissal hearing. Accordingly, we reject Stock's contention that he was not given proper notice of the dismissal hearing.
 
 B. Dismissal of Action
 
 9
 Appellants contend that the district court erred by denying Stock's motion for an extension of time to file a plan and by dismissing his case for failure to file a plan within the prescribed period. This contention lacks merit.
 
 
 10
 Section 1221 provides that "the debtor shall file a plan not later than 90 days after the order for relief ... except that the court may extend such period if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. Sec. 1221. The debtor must meet a stringent burden in seeking an extension of the 90 day period of section 1221. 5 Lawrence P. King, Collier on Bankruptcy p 1221.01 (15th ed. 1993). Accordingly, the court should grant an extension only if the debtor's inability to file a timely plan is due to circumstances beyond the debtor's control. See id. Failure to file a timely plan under section 1221 is grounds for dismissal. See 11 U.S.C. Sec. 1208(c)(3).
 
 
 11
 Here, Stock contends that he was unable to file his plan within the statutory period because he was preoccupied with responding to Harbicht's motion for relief from the stay. He also contends that he was having undue difficulties operating his business because of Harbicht's intentional interference with his business activities.
 
 
 12
 First, we agree with the BAP that the bankruptcy court was not compelled to grant Stock an extension simply because he was required to respond to Harbicht's motion for relief from the stay. As the BAP explained, although Harbicht's motion for relief from the stay was beyond Stock's control, such motions are permitted by the Bankruptcy Code and therefore the fact that a debtor must respond to them does not necessarily provide substantial justification for an extension. Second, we find no evidence in the record supporting Stock's contention that he was prevented from filing a timely petition because of Harbicht's interference with his business activities.[3] Given these circumstances, the bankruptcy court did not abuse its discretion by denying Stock's motion for an extension of time and dismissing his Chapter 12 bankruptcy case.
 
 III
 Sanctions on Appeal
 
 13
 The appellees request this court to impose sanctions against Stock and Sweeney for filing a frivolous appeal. This court has jurisdiction to impose sanctions for a frivolous appeal, even where the appellant is pro se. 28 U.S.C. Sec. 1912; Fed.R.App. 38; Urgban v. Commissioner, 964 F.2d 888, 890 (9th Cir.1992) (per curiam). An appeal is frivolous if "the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Here, we decline to impose sanctions because the result of the appeal was not obvious and the arguments of error are not wholly without merit.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Stock and Sweeney's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pending Stock and Sweeney's appeal to the BAP, Stock's property was sold at a foreclosure sale. Nevertheless, we agree with the BAP that the sale did not render the appeal moot because Stock has other assets in his bankruptcy estate. As the BAP noted, the impact of the bankruptcy case on those assets is unclear from the record
 
 
 [2]
 Bankr. Rule 9006(c)(1) provides:
 Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period shortened.
 
 
 [3]
 Stock also contends that the bankruptcy court erroneously failed to sanction Harbicht for acts taken in violation of the automatic stay. As the BAP noted, Stock and Sweeney failed to file a motion with the bankruptcy court requesting sanctions for any alleged stay violations. See Bankr.R. 9014 (contested matter must be brought by way of a motion). Accordingly, their contention that the court abused its discretion by failing to impose sanctions sua sponte lacks merit. Moreover, the issue of whether the court erred by failing to impose sanctions is unrelated to the order of dismissal on review here