36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert ANDRISANI, Plaintiff-Appellant,
v.
Geoff PALMER; G.H. Palmer Associates; Saugus Colony, Ltd.;
Donald Kellenberger; Gerjats, Inc.; City of
Santa Clarita, et al.; Sherman Block;
Glen Swanson, Defendants-Appellees.
 No. 94-55230.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 19, 1994.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert Andrisani appeals pro se the dismissal of his 42 U.S.C. Sec. 1983 action.[1] We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.[2]
 
 
 3
 The California Superior Court enjoined Andrisani from entering certain real property. He appealed. While the appeal was pending he twice was arrested for entering the property in violation of the injunction. After his arrests he moved the Court of Appeal to restrain enforcement of the injunction because it was automatically stayed upon appeal. That Court denied the motion, and subsequently affirmed the injunction. Andrisani was ultimately convicted of two misdemeanor offenses for violating the injunction.
 
 
 4
 He responded by suing in federal district court the persons and government bodies involved in obtaining and enforcing the injunction. He sued the property owners, their agents and attorneys, government officials and officers, a city, and two judges. The court declined supplemental jurisdiction over the state law claims, and dismissed the section 1983 claim as to the various defendants on the pleadings and on summary judgment. The bases for dismissal included absolute and qualified immunity, absence of state action, lack of an official policy to violate constitutional rights, and lack of a constitutional wrong because probable cause existed to arrest Andrisani.
 
 
 5
 On appeal he does not challenge the court's decision not to exercise supplemental jurisdiction. Nor does he dispute the court's bases for dismissing his section 1983 action. We deem any challenge to these grounds for dismissal abandoned. Wilcox v. Commissioner of Internal Revenue, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988).
 
 
 6
 Andrisani argues only that under state law when he appealed the injunction it was automatically stayed and became unenforceable. But the state Court of Appeal rejected that argument when it denied his motion to stay, which motion was premised on his argument that the injunction was automatically stayed upon appeal. By his argument Andrisani asks us to overturn this state court's determination. Federal courts lack jurisdiction to review state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Allah v. Superior Court, 871 F.2d 887, 890-91 (9th Cir.1989). We affirm the district court judgment dismissing Andrisani's attempt to relitigate unfavorable state court rulings in federal court.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review de novo summary judgment and judgment on the pleadings. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987) (summary judgment); Urban v. Commissioner, 964 F.2d 888, 889 (9th Cir.1992) (judgment on pleadings)
 
 
 [2]
 We also grant appellees' motion to file an appendix