46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Barbara J. TURNER, Debtor
John BOLDT; Barbara Runser, Plaintiffs-Appellees,
v.
Barbara J. TURNER, Defendant-Appellant.
 No. 94-15675.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barbara J. Turner appeals pro se the district court's dismissal, on mootness grounds, of her appeal from a bankruptcy court order denying her motion for a homestead exemption on certain realty. Turner contends that the foreclosure and sale of the realty in question did not render her motion for a homestead exemption moot. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 We review de novo a district court's decision on subject-matter jurisdiction, including questions of mootness. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir. 1985), cert. denied, 475 U.S. 1019 (1986). In bankruptcy proceedings, the mootness rule "is a judicial doctrine which developed from the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot." Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1424 (9th Cir. 1985).
 
 
 4
 Here, on July 2, 1993, the bankruptcy court denied Turner's claim for a homestead exemption on certain property. On July 9, 1993, the bankruptcy trustee abandoned the property upon which Turner seeks a homestead exemption. On the same day, the bankruptcy court denied Turner's motion for a stay pending appeal of the order denying her homestead exemption. On July 12, 1993, the creditor proceeded with its foreclosure sale. Thus, the property upon which Turner seeks a homestead exemption has been sold. Therefore, the sale of the property in question precludes meaningful relief for Turner and renders her appeal moot. See id.; see also Baker & Drake, Inc. v. Public Service Comm'n of Nevada (In re Baker & Drake, Inc.), 35 F.3d 1348, 1351 (9th Cir. 1994) (bankruptcy appeal is rendered moot when transfer of the property in question to a third party precludes meaningful relief). Moreover, Turner has not demonstrated that her case falls under any of the narrow exceptions to the bankruptcy mootness rule. See Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d 1171, 1172-73 (9th Cir. 1988). Accordingly, because the sale of the property in question precluded meaningful relief for Turner, the district court properly dismissed Turner's appeal as moot. See In re Baker & Drake, Inc., 35 F.3d at 1351; Sample, 771 F.2d at 1338; Algeran, Inc., 759. F.2d at 1423.[1]
 
 
 5
 On appeal, the appellees request this court to impose sanctions, pursuant to Fed. R. App. P. 38, against Turner for filing a frivolous appeal.
 
 
 6
 This court has discretion in impose sanctions for a frivolous appeal, even when the appellant is pro se. Fed. R. App. P. 38; Urban v. Commissioner, 964 F.2d 888, 890 (9th Cir. 1990) (per curiam). An appeal to this court "is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir. 1988). We do not impose sanctions lightly, however, because an appeal that lacks merit is not always frivolous. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir. 1986) (per curiam). Nonetheless, we find that Turner's appeal was wholly without merit. Turner is no stranger to the courts; this appeal is just one of several judicial proceedings which she has instigated or prolonged in an attempt to avoid the inevitable. Therefore, we award the appellees $1,500 in damages against Turner for filing a frivolous appeal. See id.; Fed. R. App. P. 38.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Furthermore, we conclude that the district court did not abuse its discretion in denying Turner's motion to reconsider. See Civic Center Square, Inc. v. Ford (In re Roxford Foods, Inc.), 12 F.3d 875, 879 (9th Cir. 1993)