**Kenneth M. STERN, Plaintiff–Appellant,**

v.

**FARMERS INSURANCE GROUP OF COMPANIES; Truck Insurance Exchange; American States Insurance Company; Dean Grossman, individually and on behalf of the Grossman**

Family Trust; Corazon Grossman, individually and on behalf of the Grossman Family Trust; American Economy Insurance Company; Safeco Corporation; American States Financial Corporation; Lincoln National Corporation, Defendants–Appellees.

No. 99–55980.

D.C. No. CV–99–07654–CM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2001.[1]

Decided April 2, 2001.

Before TASHIMA and FISHER, Circuit Judges, and ZILLY, District Judge.[2]

MEMORANDUM [3]

Appellant Kenneth M. Stern appeals the district court's grant of summary judg-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

2. The Honorable Thomas Zilly, United States District Judge for the Western District of Washington, sitting by designation.

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ment in favor of appellees the American States Insurance Company group of companies (collectively "American States"),[4] and appeals the district court's grant of dismissal for failure to state a claim upon which relief can be granted in favor of appellees the Grossmans.[5] We affirm.

Appellant Stern is an attorney practicing in Woodland Hills, California. In 1995, he was sued for malicious prosecution as the result of a lawsuit he filed while acting as attorney for appellees the Grossmans. The malicious prosecution lawsuit was dismissed as a result of settlement in 1998. Seeking to recover the costs he allegedly expended in defending himself against that lawsuit, appellant has sued his homeowners insurance carrier American States and his former clients the Grossmans.

■ This Court reviews a grant of summary judgment de novo. *Robi v. Reed,* 173 F.3d 736, 739 (9th Cir.1999). In granting summary judgment for American States, the district judge concluded that because Stern's homeowners insurance policy specifically excluded coverage for "malicious prosecution ... committed by or at the direction of an 'insured' in the course of: (a) a business," ER 442, American States had no duty to defend appellant against a malicious prosecution lawsuit that arose out of his law practice.

Although appellant argues on appeal that he did not actually "commit" malicious prosecution, but was merely sued for malicious prosecution, under California law a malicious prosecution is "committed" when the lawsuit giving rise to the malicious prosecution claim was filed. *See Harbor Ins. Co. v. Central Nat'l Ins. Co.,* 165 Cal.App.3d 1029, 1037, 211 Cal.Rptr. 902 (1985). Because that lawsuit was filed by appellant as part of his professional law practice, the district court properly concluded that appellant's homeowners insurance policy did not provide coverage for the resulting malicious prosecution claim. And because the district court properly granted summary judgment on the contract claim, it also properly granted summary judgment on the mail fraud and RICO claims against American States because the asserted mail fraud was predicated on American States' practice being a breach of the policy. With no showing of a contractual violation there can be no showing of fraud or racketeering because the predicate racketeering act alleged was mail fraud.

■ This court reviews a dismissal for failure to state a claim upon which relief can be granted de novo. *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999). In granting dismissal in favor of appellees the Grossmans, the District Court concluded that Stern could not bring an "implied indemnity" claim against them to recover the costs of defending himself against the malicious prosecution lawsuit. The district court concluded that, as the Grossmans' litigation attorney, Stern acted as an independent contractor; therefore, the Grossmans could not be held liable on an implied indemnity claim for the torts of an independent contractor. ER 455–57. This conclusion is supported by California law.

---

4. The related companies include American Economy Insurance Company, American States Financial Corporation, Lincoln National Corporation, and Safeco Corporation.

5. On March 1, 1999, the district court granted Safeco Corporation's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), SER 37, dismissing "Stern's claim for spoilation of cause of action," SER 45, and dismissing the RICO claims with leave to amend, SER 51–54. Stern amended his complaint. ER 334 (First Amended Complaint filed March 8, 1999). On April 19, 1999, the district court dismissed all remaining claims against all parties. ER 438. Judgment for all defendants was entered during May, 1999. *See* ER 501–02 (Clerk's Record 85, 87, 88, and 91).

*See Merritt v. Reserve Ins. Co.*, 34 Cal. App.3d 858, 880–81, 110 Cal.Rptr. 511 (1973).[6] The district court properly granted dismissal for failure to state a claim to appellees the Grossmans.

■ American States has separately moved this Court for an award of attorney's fees pursuant to FRAP 38, 28 U.S.C. § 1927, and this Court's inherent authority to sanction bad faith conduct.[7] Appellant responded to this motion approximately eight months after it was served on him. Although untimely under FRAP 27(a)(3)(A), this Court will consider appellant's response.

Under FRAP 38, this Court has authority to impose sanctions against a party or counsel who files a frivolous appeal. *See Urban v. C.I.R.*, 964 F.2d 888, 890 (9th Cir.1992). This appeal is frivolous. *See NLRB v. Unbelievable, Inc.*, 71 F.3d 1434, 1441 (9th Cir.1995)("An appeal is frivolous when the results are obvious or the arguments are wholly without merit.") Appellee American States has documented, by declaration, $11,672.50 in attorney's fees relating to the defense of this appeal. Appellant Stern is ORDERED to pay attorney's fees of $11,672.50 to appellee American States within ten days of the mandate in this case.

AFFIRMED.

---

6. Appellant's reliance on *Fidelity Mortgage Trustee Service, Inc. v. Ridgegate East Homeowners Association*, 27 Cal.App.4th 503, 32 Cal.Rptr.2d 521 (1994), is misplaced, because that case involved indemnity arising from a standard agency relationship and did not address the status of a litigation attorney as an independent contractor.

7. The district court has already ordered appellant Stern to pay the reasonable costs of the suit to all appellees. *See* ER 501–02 (Clerk's Record 85, 87, 88, and 91).