

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2008

# Miller-Wagenknecht v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4714

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Miller-Wagenknecht v. Comm IRS" (2008). *2008 Decisions.* Paper 816.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/816

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4714
_____

J. J. MILLER-WAGENKNECHT,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. 8347-07)
Tax Court Judge:  Honorable Lewis R. Carluzzo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2008

Before:  AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>.

(Filed: July 22, 2008  )
_____

OPINION
_____

PER CURIAM

J. J. Miller-Wagenknecht appeals, pro se, from the order of the United States Tax

Court dismissing her case.  We will affirm.

It appears undisputed that Miller-Wagenknecht never filed Form 1040 federal income tax returns for the 2003 and 2004 tax years. Instead, she submitted to the Commissioner of Internal Revenue documents for the respective years entitled "Notice of Affidavit Statement of :J.-J.: Miller-Wagenknecht In Protest of Internal Revenue Code Section 6011." Miller-Wagenknecht claimed "zero" tax liabilities for both years based on, among other things, the notion that she was not subject to federal income taxation.

During 2003 and 2004, Miller-Wagenknecht respectively received self-employment income in the amounts of $89,204 and $79,233, wages of $1,504 and $1,480 from an insurance company, and taxable Social Security benefits of $14,787 and $15,096. The Commissioner accordingly issued a notice of deficiency determining that she owed federal income taxes as well as penalties for failure to file tax returns and to pay estimated taxes.[1]

Miller-Wagenknecht then filed a petition in the Tax Court alleging, inter alia, that the Commissioner's determinations were erroneous because no "valid original return" was filed or appeared on the IRS's computer records. (A000020-A000021.) The

---

[1]According to the notice of deficiency, Miller-Wagenknecht owed the following amounts: (1) income taxes of $33,481 for 2003 and $29,211 for 2004; (2) penalties of $8,370.25 for 2003 and $7,302.75 for 2004 on account of her failure to file tax returns; and (3) penalties of $876.21 for 2003 and $847.90 for 2004 for failing to pay estimated taxes. The Commissioner also assessed additional penalties for failure to pay under I.R.C. § 6651(a)(2).

Commissioner moved to dismiss the case for failure to state a claim upon which relief could be granted. The Tax Court ordered Miller-Wagenknecht to file an amended petition containing the allegations of error and statements of fact required by Tax Court Rule 34. She accordingly filed an amended petition containing additional claims and allegations. The Tax Court, however, granted the Commissioner's motion and dismissed the case. It was "satisfied that the amended petition fails to raise any justiciable issue either with respect to the deficiencies or the additions to tax." (A000003.) It further concluded that her failure to file income tax returns did not preclude the Commissioner from making the deficiency determinations.

Miller-Wagenknecht filed a motion to vacate, which the Tax Court denied. She then filed a timely notice of appeal.[2]

## II.

Especially given the rigorous pleading requirements of Tax Court Rule 34, the Tax Court properly dismissed the petition because of Miller-Wagenknecht's failure to state any claim upon which relief could be granted. She has not raised, either before the Tax Court or in this present appeal, any serious dispute as to either her receipt of unreported income in the amounts stated by the Commissioner or her failure to file the necessary

---

[2]We have jurisdiction over this Tax Court appeal pursuant to I.R.C. § 7482(a)(1). We exercise plenary review over the Tax Court's conclusions of law and review its factual findings for clear error. See, e.g., PNC Bancorp, Inc. v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000).

3

federal income tax returns and pay the federal taxes due. In the words of the Commissioner's appellate brief, "her only comprehensible challenges to the Commissioner's determination [before the Tax Court] consisted of broad, conclusory denials of liability and frivolous, tax protest-type arguments." (Appellee's Br. at 12.) We likewise reject the arguments raised by Miller-Wagenknecht on appeal because they are without merit.

Among her numerous contentions, Miller-Wagenknecht appears to argue that the Form 1040 tax returns for 2003 and 2004 did not comply with the requirements of the Paperwork Reduction Act ("PRA"), see 44 U.S.C. §§ 3501-31. She actually admits that the form included an Office of Management and Budget ("OMB") control number. In turn, Treasury Regulation § 602.101 expressly lists this particular number among the many others "assigned to collections of information in [IRS] regulations by the [OMB] under the [PRA]." 26 C.F.R. § 602.101(a). Accordingly, it is well established that Form 1040 satisfies the requirements of the PRA. See, e.g., United States v. Patridge, 507 F.3d 1092, 1095 (7th Cir. 2007), cert. denied, 128 S. Ct. 1721 (2008); United States v. Dawes, 951 F.2d 1189, 1193 (10th Cir. 1991). In any case, any alleged noncompliance with the PRA paperwork requirements would not preclude the Commissioner from assessing federal income tax liability and enforcing the statutory obligations requiring taxpayers to file federal income tax returns. See, e.g., Patridge, 507 F.3d at 1095; United States v. Hicks, 947 F.2d 1356, 1359-60 (9th Cir. 1991).

4

Miller-Wagenknecht further argues that she did in fact file federal income tax returns for 2003 and 2004. Specifically, she points to the self-styled "Notice of Affidavit" documents she sent to the Commissioner. According to the Seventh Circuit decision cited in her opening and reply briefs, "[t]he cases hold that to be deemed a return, a document filed with the IRS must (1) purport to be a 'return,' (2) be signed under penalty of perjury, (3) contain enough information to enable the taxpayer's tax liability to be calculated, and (4) 'evince[] an honest and genuine endeavor to satisfy the law.'" In re Payne, 431 F.3d 1055, 1057 (7th Cir. 2005) (quoting Zellerbach Paper Co. v. Helvering, 293 U.S. 172, 180 (1934); United States v. Moore, 627 F.2d 830, 834-35 (7th Cir. 1980)).

Miller-Wagenknecht's submissions to the IRS did not satisfy either the third or the fourth requirements. Her "Notices of Affidavits" failed to provide the financial information required to calculate her tax liabilities for 2003 and 2004. See, e.g., United States v. Edelson, 604 F.2d 232, 234 (3d Cir. 1979) (per curiam) ("[I]t is now well established that tax forms that do not contain financial information upon which a taxpayer's tax liability can be determined do not constitute returns within the meaning of the Internal Revenue Code." (citations omitted)). They also did not represent a honest and reasonable attempt to satisfy her tax law requirements. Instead, the lengthy documents, each consisting of almost 50 single-spaced pages, constituted, at best, legal briefs challenging the legality and applicability of the federal income tax. Her claims of

5

"zero" tax liabilities were based, not on a real account of her financial circumstances, but on frivolous legal theories for why she was not personally subject to the federal income tax and why the Commissioner's enforcement of the Internal Revenue Code was unconstitutional and illegal. The Commissioner in turn had no legal obligation to respond to her extensive and unsupported submissions. Accordingly, the Commissioner and the Tax Court properly determined that Miller-Wagenknecht failed to file federal income tax returns for the years at issue.

Finally, we have considered Miller-Wagenknecht's remaining arguments, and we conclude that they also are lacking in any conceivable merit. For instance, her argument that the IRS failed to establish its jurisdiction over her merely reiterated some of the frivolous "tax protest" theories presented in her "Notices of Affidavit." Simply put, the Internal Revenue Code imposes an income tax on the taxable income of all citizens or residents of the United States. It cannot be seriously disputed that Miller-Wagenknecht, who was evidently born in Ohio and currently resides in Pennsylvania, is a citizen and resident of the United States for federal income tax purposes. See, e.g., Lonsdale v. United States, 919 F.2d 1440, 1447 & n.4, 1448 (10th Cir. 1990) (listing frivolous "tax protest" theories); Sauers v. Comm'r, 771 F.2d 64, 66 & n.2, 67, 68 n.6 (3d Cir. 1985) (same). We further reject her contention that the notice of deficiency was invalid on the grounds that it was not "signed" by the Commissioner under penalty of perjury. See, e.g., Urban v. Comm'r, 964 F.2d 888, 889-90 (9th Cir. 1992) (per curiam). Given her failure

6

to file the requisite returns, the IRS also properly prepared its own substitute tax returns for 2003 and 2004 pursuant to I.R.C. § 6020(b)(1).

III.

For the foregoing reasons, we conclude that the Tax Court properly dismissed the case for failure to state a claim. Accordingly, we will affirm.