NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4367
_____


JACQUELINE J. MILLER-WAGENKNECHT,
                                        Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Ct. No. 11219-07)
Tax Court Judge: Honorable David Gustafson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2010

Before:  FUENTES, GREENAWAY AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 25, 2010)

_____

OPINION
_____

PER CURIAM

        Jacqueline J. Miller-Wagenknecht appeals the judgment of the United States Tax

Court sustaining the determination of the Commissioner of Internal Revenue (the

"Commissioner" or "IRS") to proceed with the collection of certain unpaid federal

income tax liabilities by levy, and directing her to pay a $1000 penalty pursuant to I.R.C. § 6673(a)(1). We will affirm.

## II.

After receiving from the IRS a final notice of intent to levy, to collect unpaid taxes for the years 1997 through 2002, Miller-Wagenknecht requested and received a collection due process hearing ("CDP") before the IRS Office of Appeals, pursuant to 26 U.S.C. § 6330(b)(1). Specifically, Miller-Wagenknecht requested a face-to-face CDP hearing, rather than a telephonic hearing, and also that she be allowed to audio record the proceedings. The IRS denied her request for a face-to-face hearing on grounds that she failed to raise any substantial, non-frivolous issues to be addressed at the hearing.[1] Following a telephonic CDP hearing, the IRS Appeals Office issued a Notice of Determination approving of the proposed levy upon Miller-Wagenknecht's property.

Miller-Wagenknecht timely sought review of that determination in the United States Tax Court. The Commissioner moved for partial summary judgment.[2] Upon review of Miller-Wagenknecht's grounds for appeal, the Tax Court determined that while many of her claims were frivolous, she had raised several non-frivolous claims, including:

---

[1]Because Miller-Wagenknecht's hearing was to be conducted telephonically, she was not permitted to record the proceedings. See Calafati v. Comm'r, 127 T.C. 219, 227-28 (2006).

[2]The IRS did not move for summary judgment on Miller-Wagenknecht's claim that the IRS Appeals Office abused its discretion by verifying that she had been properly served with a Notice of Deficiency for the 2002 tax year. The IRS later determined that the deficiency for 2002 should not be sustained and abated its assessment for that year.

1) whether the IRS Appeals officer who conducted her CDP hearing acted with impartiality; 2) whether the IRS Appeals officer engaged in prohibited ex-parte communications with other IRS employees; 3) whether the IRS Appeals officer failed to consider the collection alternative that she proposed; and 4) whether the IRS Office of Appeals properly refused her request to audio record the CDP hearing.

In a March 2009 decision, the Tax Court granted in part and denied in part the Commissioner's motion for partial summary judgment. The Court held that genuine issues of material facts existed as to whether the IRS appeals officer acted with impartiality, whether the IRS appeals officer engaged in improper ex parte communications, and whether the IRS appeals officer abused her discretion in refusing to consider an installment payment agreement proposed by Miller-Wagenknecht. However, the Tax Court found that the IRS Appeals Office properly prohibited the audio recording of Miller-Wagenknecht's CDP hearing.[3]

Following a June 2009 bench trial, the Tax Court entered a decision in favor of the IRS on the remaining issues in the case. Miller-Wagenknecht subsequently filed a motion to vacate and motion for reconsideration claiming, inter alia, that the documents she previously submitted entitled "Notice[s] of Affidavit Statement[s] in Protest of Internal Revenue Code 6011" had been accepted by the IRS as valid tax returns, and thus, she had satisfied the filing requirements for the years at issue. The Tax Court denied the motion

---

[3]The Tax Court reasoned that because Miller-Wagenknecht did not participate in a face-to-face hearing, she was not permitted to record the telephonic hearing.

for reconsideration, but vacated its prior decision so that it could impose a penalty against Miller-Wagenknecht pursuant to I.R.C. § 6673(a)(1) for reviving frivolous arguments that had been repeatedly rejected. This appeal followed.

II.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review the Tax Court's factual findings for clear error and exercise plenary review over its legal conclusions. See PNC Bancorp, Inc. v. Comm'r of Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000). We review the imposition of a penalty under § 6673 for abuse of discretion. See Sauers v. Comm'r of Internal Revenue, 771 F.2d 64, 70 (3d Cir. 1985).

Miller-Wagenknecht raises two arguments on appeal. Principally, she argues that the IRS Office of Appeals wrongly denied her a face-to face CDP hearing. She also challenges the $1,000 sanction imposed upon her by the Tax Court.[4]

We conclude that Miller-Wagenknecht's first argument is not properly before this Court as she failed to raise the argument in her petition to the Tax Court and has provided no explanation in her briefs for failing to do so. See Monetary II Ltd. P'ship v. Comm'r of Internal Revenue., 47 F.3d 342, 347 (9th Cir. 1995); Minnesota Lawyers Mut. Ins. Co. & Subsidiaries v. Comm'r of Internal Revenue, 285 F.3d 1086, 1092 (8th Cir. 2002). As mentioned earlier, the Tax Court granted summary judgment in favor of the

---

[4]As these are the only issues Miller-Wagenknecht raises in her opening brief, she has waived review of other arguments that she raised in the court below. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

Commissioner on Miller-Wagenknecht's claim that the IRS Appeal's Office improperly denied her request to audio record her telephonic CDP hearing. In the order so holding, the Tax Court noted that Miller-Wagenknecht could have also raised the claim that she was improperly denied a face-to-face hearing, but that in her petition to the Tax Court, she failed to do so. (Supp. Appx. at 8.) Pursuant to Tax Court Rule 331(b)(4), any issue not raised in such a petition has been "conceded." Thus, because Miller-Wagenknecht failed to raise the claim below, we are unable to consider it on appeal.

As to Miller-Wagenknecht's second claim, we discern no error on the part of the Tax Court regarding its imposition of a $1000 sanction. Where, as here, it appears that "the taxpayer's position in [a tax liability dispute] is frivolous or groundless," 26 U.S.C. § 6673(a)(1)(B), "the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000," id. at 6673(a)(1). An argument is frivolous for purposes of § 6673(a)(1)(B) when it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Comm'r of Internal Revenue, 791 F.2d 68, 71 (7th Cir. 1986). In her motion to vacate, Miller-Wagenknecht insisted that several "Notice[s] of Affidavit Statement[s] in Protest of Internal Revenue Code 6011" which she submitted to the IRS in August 2004 had been accepted by the IRS as valid returns. She also expanded on her earlier claim that because Title 26 has not been enacted as positive law, it does not apply to her.

Miller-Wagenknecht's arguments have been routinely rejected. See United States

v. Edelson, 604 F.2d 232, 234 (3d Cir. 1979) (tax forms containing no financial information upon which a taxpayer's tax liability can be calculated do not constitute returns within the meaning of the Internal Revenue Code); Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985) (that Congress did not enact Title 26 into positive law does not render provisions of Internal Revenue Code invalid or unenforceable). Because Miller-Wagenknecht knew, or should have known, that her arguments were contrary to well-established law and thus were frivolous, it was within the discretion of the tax court to impose a sanction.[5]

Accordingly, we will affirm the judgment of the United States Tax Court.

---

[5]Moreover, in a prior appeal to this Court, we rejected the assertion that the "Affidavits" Miller-Wagenknecht has repeatedly submitted to the IRS constitute returns within the meaning of the Internal Revenue Code. See Miller-Wagenknecht v. Comm'r of Internal Revenue, 285 F. App'x 956, 959 (3d Cir. 2008).