NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL FERRARI, | No. 15-70562 |
| Petitioner-Appellant, | Tax Ct. No. 18531-13 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Michael Ferrari appeals pro se from the Tax Court's summary judgment

sustaining the Commissioner of Internal Revenue's collection action for the 2007

and 2008 tax years.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We

review de novo, *Sollberger v. Comm'r*, 691 F.3d 1119, 1123 (9th Cir. 2012), and

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm.

Ferrari was sent statutory notices of deficiency and had an opportunity to dispute his underlying tax liability prior to his Collection Due Process ("CDP") hearing. The Tax Court, therefore, properly granted summary judgment and sustained the collection action because Ferrari was precluded from challenging the validity of the underlying tax assessments during his CDP hearing. *See* 26 U.S.C. §§ 6320(c), 6330(c)(2)(B) (a taxpayer may challenge the underlying tax liability only "if the person did not receive any statutory notice of deficiency . . . or did not otherwise have an opportunity to dispute such tax liability"). We reject as without merit Ferrari's contention regarding the alleged invalidity of the notices of deficiency, as signatures are not required and the Commissioner's compliance with Internal Revenue Manual requirements is not mandatory. *See Urban v. Comm'r*, 964 F.2d 888, 889-90 (9th Cir. 1992).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-70562