**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADIL HIRAMANEK, | No. 16-73587 |
| Petitioner-Appellant, | Tax Ct. No. 14485-13 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted December 17, 2018**

Before:   WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Taxpayer Adil Hiramanek appeals pro se from the Tax Court's order

granting the Commissioner of Internal Revenue's motion for judgment on the

pleadings under Tax Court Rule 120(a). We have jurisdiction under 26 U.S.C.

§ 7482(a). We review de novo. *Urban v. Comm'r*, 964 F.2d 888, 889 (9th

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 1992). We affirm.

The Tax Court properly held that Hiramanek is collaterally estopped by *Hiramanek v. Commissioner* (*Hiramanek I*), Tax Ct. No. 14912-10, which held that the return filed by him and his former wife for 2006 was not a joint return because it was signed under duress by his former wife. *See Peck v. Comm'r*, 904 F.2d 525, 527-28 (9th Cir. 1990) (requirements for collateral estoppel, or issue preclusion, in the tax context). Contrary to Hiramanek's contentions, the Commissioner was not barred from arguing collateral estoppel by the doctrines of judicial estoppel, equitable estoppel, or quasi-estoppel.

Because the prior court in *Hiramanek I* determined that the 2006 return was not a joint return on account of duress, Hiramanek had no claim for innocent spouse relief under I.R.C. § 6015, and the Tax Court properly granted the Commissioner's motion for judgment on the pleadings. *See Ordlock v. Comm'r*, 533 F.3d 1136, 1139 (9th Cir. 2008) ("To qualify for innocent spouse relief, the taxpayer must show that the couple filed a joint return . . . .").

The Tax Court did not err by resolving the Commissioner's motion without hearing oral argument. *See* Tax Ct. R. 50(b)(3) (as to motions, "[t]he action of the Court may be taken with or without written response, hearing, or attendance of a

2                                                                            16-73587

party to the motion at the hearing").

We reject as unsupported by the record Hiramanek's contentions that the Commissioner's motion was filed without adequate notice or otherwise procedurally defective, and that the Tax Court was biased.

We do not consider arguments not raised in the Tax Court. *See Merkel v. Comm'r*, 192 F.3d 844, 852 n.10 (9th Cir. 1999).

Hiramanek's "motion to grant full faith and credit" (Docket Entry No. 26) is denied.

Hiramanek's motion to seal (Docket Entry No. 51) is denied. *See* Interim 9th Cir. R. 27-13(a).

**AFFIRMED.**