41 F.3d 1513
 74 A.F.T.R.2d 94-6909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patricia B. FARR, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70446.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 10, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Patricia B. Farr appeals pro se the tax court's decision affirming the Commissioner of Internal Revenue's (CIR) determination of federal income tax deficiency for tax year 1987 and additions to tax for failure to file a tax return, negligence, and failure to pay estimated taxes. On appeal, Farr contends that the tax court erred by finding that (1) the notice of deficiency was valid, (2) Farr bore, and failed to meet, the burden of proving that the CIR's determination was incorrect, and (3) the additions to tax were properly assessed. We have jurisdiction under 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review the tax court's rulings of law de novo, including the tax court's determination of its jurisdiction. See Scar v. Commissioner, 814 F.2d 1363, 1366 (9th Cir.1987); Vukasovich, Inc. v. Commissioner, 790 F.2d 1409, 1413 (9th Cir.1986). We review the tax court's findings of fact for clear error. Baxter v. Commissioner, 816 F.2d 493, 496 (9th Cir.1987).
 
 II
 Merits
 A. Notice of Deficiency
 
 5
 The CIR's notice of deficiency is presumptively correct. Id. at 495; Scar, 814 F.2d at 1368-70. As a general rule, we will not "look behind a deficiency notice to question the Commissioner's motives and procedures leading to a deficiency determination." Scar, 814 F.2d 1368-70; Kantor v. Commissioner, 998 F.2d 1514, 1521 (9th Cir.1993). Only if "the notice of deficiency reveals on its face that the Commissioner failed to make a determination," will we "look behind" a notice of deficiency. Kantor, 998 F.2d at 1521; Clapp v. Commissioner, 875 F.2d 1396, 1402 (9th Cir.1989). Moreover, in Scar, we held that "no particular form is required for a valid notice of deficiency, ... and the Commissioner need not explain how the deficiencies were determined " in the notice. 814 F.2d at 1367 (emphasis added); see also Urban v. Commissioner, 964 F.2d 888, 889-90 (9th Cir.1992); Abatti v. Commissioner, 644 F.2d 1385, 1389 (9th Cir.1981) ("the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough" (quotations omitted)); 26 U.S.C. Sec. 6212(a) ("if the [CIR] determines there is a deficiency, ... he is authorized to send such a deficiency to the taxpayer").
 
 
 6
 Here, on January 4, 1991, the CIR issued Farr a facially valid notice of deficiency indicating that Farr had failed to file a federal income tax return for tax year 1987, failed to report specific amounts of income received during that year and accordingly was being assessed a tax deficiency and various additions. Because nothing on the face of the notice indicates that it is not valid, the tax court correctly found that the CIR had made a determination of deficiency and that the court had jurisdiction over Farr's petition. See Scar, 814 F.2d at 1368, Clapp, 875 F.2d at 1402; Roat v. Commissioner, 847 F.2d 1379 (9th Cir.1988).[1]
 
 B. Burden of Proof
 
 7
 Next, relying on Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir.1979), Farr contends that the tax court erred by requiring her to bear the burden of proving that the amount of the deficiency in the notice was incorrect. This contention lacks merit.
 
 
 8
 In Weimerskirch, we held that the CIR's notice of deficiency was not entitled to a presumption of correctness because the CIR had failed to "offer some substantive evidence showing that taxpayer received income from the charged activity." 596 F.2d at 360.
 
 
 9
 Here, Farr admitted having received $36,550 in income from United Airlines during tax year 1987 and having sold a personal residence for $165,000 during this same period. In addition, the CIR provided wage income reports and property transfer records to substantiate its determination of a deficiency. Given these circumstances, the tax court correctly held that the CIR determination was entitled to a presumption of correctness. See id.; Baxter, 816 F.2d at 495 (CIR's determinations of deficiencies and additions to tax are presumptively correct and the taxpayer bears the burden of producing evidence showing that the CIR's determinations are incorrect).[2]
 
 C. Additions to Tax
 
 10
 Finally, Farr contends that the tax court erred by upholding the CIR's assessment of various additions. See 26 U.S.C. Secs. 6651, 6653(a), 6654. This contention lacks merit.
 
 
 11
 The CIR's imposition of additions to tax are presumptively correct and the taxpayer bears the burden of proving the additions erroneous. See Delaney v. Commissioner, 743 F.2d 670, 672 (9th Cir.1984).
 
 
 12
 Section 6651 provides for an addition to tax for failure to file a required tax return unless the taxpayer can show that "such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. Sec. 6651(a). The addition is to be five percent of the amount of tax for each month the taxpayer fails to file a return up to a maximum of twenty-five percent. Id. Reliance on "misguided constitutional beliefs" is not reasonable cause for purposes of section 6651 additions to tax. Edwards v. Commissioner, 680 F.2d 1268, 1271 n. 2 (9th Cir.1982).
 
 
 13
 Because Farr's contentions rest on discredited and well-worn challenges to the federal tax system (e.g., Farr's claim in her petition to the tax court that she is not subject to federal income tax because she was a "citizen in and of the Republic of California"), additions to tax under section 6651 were proper. See id. at 1270, 1271 n. 2.
 
 
 14
 Section 6653(a) provides for an addition to tax of five percent of the amount of underpaid tax if such underpayment was due to the taxpayer's negligence or disregard of the rules or regulations. 26 U.S.C. Sec. 6653(a). For purposes of section 6653(a), negligence is "the lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances." Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence also is defined as "any failure to make a reasonable attempt to comply with ... [the Code]." 26 U.S.C. Sec. 6653(a)(3).
 
 
 15
 Here, the tax court's determination of negligence was not clearly erroneous, and thus must be upheld. See Allen, 925 F.2d at 353.
 
 
 16
 Section 6654(a) provides for an addition to tax for a taxpayer's failure to make estimated income tax payments unless the taxpayer shows that one of the statutory exceptions applies. 26 U.S.C. Sec. 6654(a) & (e); Rapp v. Commissioner, 774 F.2d 932, 936 (9th Cir.1985).
 
 
 17
 Here, Farr failed to show that a statutory exception applied for waiving the addition to tax for her failure to make estimated income tax payments. Thus, the tax court properly found Farr liable for additions to tax under section 6654(a). See 26 U.S.C. Sec. 6654(a); see also Rapp, 774 F.2d at 935-36.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Farr's contention that the notice was defective because it did not cite to one or more specific Internal Revenue Code ("Code") provisions is meritless. See Scar, 814 F.2d at 1367 ("the Commissioner need not explain how the deficiencies were determined"); see also, Urban, 964 F.2d at 890 (9th Cir.1992) (per curiam); Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988). Likewise, Farr's section 7522 challenge also lacks merit. Even assuming that the CIR failed to adequately provide "the basis for ... the tax due" in the notice to Farr, as required by section 7522 of the Code, section 7522, by its own terms, provides that any such a failure does "not invalidate ... [the] notice." See 26 U.S.C. Sec. 7522(a)
 
 
 [2]
 Unfortunately, with regards to the sale of the property, Farr failed to provide the tax court with relevant evidence regarding (1) the "adjusted basis," if any, in her property at the time of its sale, (2) the ownership interest of the property between Farr and her husband, or (3) the purported use of the proceeds from the sale of the property (which she claimed was her personal residence) for the purchase and construction of a new personal residence. If provided, this information might have been used to reduce or defer her tax liability with regards to the income attributable to the sale. Nevertheless, given our standard of review and the burden on the taxpayer to maintain adequate records, we cannot say the tax court clearly erred by not lowering her gross income based on her unsupported testimony. See Norgaard v. Commissioner, 939 F.2d 874, 877-79 (9th Cir.1991); Baxter, 816 F.2d at 496