**Patricia B. FARR, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 95–0056–N–EJL.**

United States District Court,
D. Idaho.

March 13, 1996.

Patricia B. Farr, LaClede, Idaho, Pro Se.

United States Attorney, Boise, Idaho, Richard R. Ward, U.S. Department of Justice, Tax Division, Washington, DC, for United States.

### MEMORANDUM DECISION AND ORDER

LODGE, Chief Judge.

Pending before the court in the above-entitled matter are cross motions for summary judgment. Having fully reviewed the record herein, the court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this court without oral argument. Local Rule 7.1(b).

### FACTUAL BACKGROUND

Plaintiff seeks quiet title against the tax liens which have been filed by the Internal Revenue Service ("IRS"). The basis for the liens to be removed is that the plaintiff claims that the IRS failed to provide her with a copy of the record of assessment pertaining to her for the 1987 tax period after she requested such pursuant to 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1. Further, the plaintiff alleges that the assessment was not

properly executed by an IRS assessment officer, and that the plaintiff never received a demand of payment for 1987 as required by 26 U.S.C. § 6303(a).

The government responds that the Certificate of Assessments and Payments, Form 4340, indicates that on June 22, 1993, the amount due was assessed, and the plaintiff was mailed a notice of balance due. Also, the certificate indicates that a demand letter to the plaintiff was mailed on August 9, 1993. Form 4340 is attached to the Declaration of Rhonda Reed which was filed on March 31, 1995.

The government does not dispute that the plaintiff requested information regarding the assessment in her November 28, 1994, letter. The government disputes that the letter requested a copy of Form 4340, commonly referred to as the Certificate of Assessment and Payments. Moreover, the government disputes that even if the plaintiff did not receive the Certificate of Assessment and Payments when requested, such was received during the course of the litigation, and the plaintiff has not been prejudiced to the degree to allow the voiding of the tax lien.

The plaintiff's November 28, 1994, letter requesting information on the assessment states in part:

> [P]lease provide me with a copy of any record(s) of assessment pertaining to me (and/or the number 473–50–4036) regarding the year 1987. In addition to any other documents you may send, I am specifically requesting a copy of any summary record of assessment, signed by an assessment officer, which identifies me, the type of tax, the amount, and the period involved.

### RELEVANT STATUTE AND REGULATIONS

Title 26 U.S.C. § 6203 provides:

Method of Assessment. The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment.

Additionally, 26 C.F.R. § 301.6203–1 provides in part:

> ... The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

### SUMMARY JUDGMENT STANDARD

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." U.S.C.S. Court Rules, Rule 56(c), Federal Rules of Civil Procedure, (Law.Co-op.1987).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See, Celotex Corp v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. at 2552.[1]

---

**1.** *See also,* Rule 56(e) which provides, in part: When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or

■ Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975) (*quoting First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371 (9th Cir.1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

(1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted).

■ Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir.1992).

## ANALYSIS

■ The court has jurisdiction regarding plaintiff's claims as the challenges of the plaintiff are procedural challenges to the validity of a lien and are cognizable under 28 U.S.C. § 2410. *See, Huff v. United States*, 10 F.3d 1440 (9th Cir.1993).

■ First, the plaintiff maintains that the government failed to comply with her request for a copy of the record of assessment pursuant to 26 U.S.C. § 6203, and the lien should be declared void. In reviewing the response sent by the government to the plaintiff's November 28, 1994, letter, the court notes that the IRS did not include a copy of Form 4340 with the other materials it sent. Technically, the government may be correct in that it provided exactly what was requested by the taxpayer: the summary record of assessment and a transcript of account. However, the question for the court is did the response satisfy 26 C.F.R. § 301.6203–1. As noted in the government's cover letter to the taxpayer, the Summary Record of Assessment does not identify a taxpayer by name, and the amount of total assessments ($271,200.66) does not appear to tie to the total assessments on Form 4340 of $176,152.79. The transcript of account does highlight the same numbers as listed on Form 4340, but does not describe the amounts so that a taxpayer would know what each amount referenced.

It is true that the plaintiff eventually received a copy of Form 4340 when the declaration of Ms. Reed was filed on March 31, 1995. The plaintiff's request was dated November 28, 1994, and the government's ambiguous and unclear response, including the summary record and transcript of account, were dated December 15, 1994. The declaration of Ms. Reed was filed over three months after the government's initial response to the taxpayer and, but for the litigation, may not have been received by the plaintiff at all. It is certainly understandable to this court why the present action was filed by the plaintiff on January 26, 1995, as such action was necessary after the plaintiff failed to receive a complete response by the IRS to her statutory request.

The government makes two arguments. First, that the taxpayer received a copy of Form 4340 as indicated on the Form. The

as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

plaintiff denies receipt of Form 4340. Therefore, this argument will be discussed later in this order. Next, the government argues that even if the taxpayer never received the notices as indicated on Form 4340, the plaintiff suffered no material harm since the requested information was provided during the course of litigation. Further, any non-compliance by the government is inconsequential and should not result in the removal of the tax lien where the tax liability has been established.

The court finds that the government's initial response to the taxpayer's request did not satisfy the regulatory requirements that the information include a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed. There is no way a taxpayer can decipher the documents sent by the IRS without a copy of Form 4340 which describes the assessment in layperson terms.

■ However, the court must determine the proper remedy for the failure to provide the information when requested. The statute and applicable regulation do not set forth a penalty for the government if it fails to timely provide the requested information. Since the tax liability of the plaintiff regarding tax period 1987 has been affirmed by the Ninth Circuit, it would be a windfall for the plaintiff for the court to remove the tax lien of the plaintiff.[2]

In *United States v. Chila*, 871 F.2d 1015 (11th Cir.1989), the taxpayers argued that assessments are invalid where the government fails to provide the specified information of the assessment as required by the regulations. The *Chila* court held that upon the production of the Certificates of Assessments and Payments by the government, the validity of the tax lien is not affected even if the taxpayer claims that he had not received the notice and demand required by 26 U.S.C. § 6303(a). Accordingly, the court finds that the proper remedy for the government's failure to timely respond to the taxpayer's request is for the government to pay the taxpayer's cost of litigating this first claim of the plaintiff's three claims.

■ Second, the plaintiff challenges whether or not the assessment was properly issued in accordance with 26 C.F.R. § 301.6203–1 which requires that "the date of assessment is the date the summary record is signed by an assessment officer." Plaintiff maintains Form 4340 was not properly signed by an assessment officer as required by the regulation. The plaintiff's argument is misplaced. The regulation requires that the assessment officer sign the "summary record," not Form 4340. Attached to the plaintiff's declaration is a copy of the Summary Record sent in response to the plaintiff's request for the records of assessment. The Summary Record indicates that such was signed on June 22, 1993, by Janet Boiger, Assessment Officer. This is the same date as is listed on Form 4340 ("23–C date") for the date of assessment. Further, if generated under seal and signed by an IRS officer, the Form 4340 is admissible evidence to establish that an assessment was properly made. *Hughes v. United States*, 953 F.2d 531 (9th Cir.1992) and *Koff v. United States*, 3 F.3d 1297 (9th Cir.1993). Since the plaintiff has provided no evidence refuting that the assessment was properly made, summary judgment should be granted in favor of the government on this claim as the government fully complied with the applicable regulation.

■ Plaintiff's third claim relates to failure of the government to give the required notices to the plaintiff. Form 4340, the Certificate of Assessments and Payments, provides at least presumptive evidence that a tax has been validly assessed under § 6203. *Huff* at 1445. In the case at bar, Form 4340 indicates that the assessment was made on June 22, 1993, and that this is the same day as the notice of assessment balance due was sent to the plaintiff. The government seeks to rely on this form and the signed summary record provided to the plaintiff to prove both that an assessment

**2.** *See, Farr v. Commissioner of Internal Revenue Service*, 41 F.3d 1513, 1994 WL 630113 (9th Cir.1994) (unpublished disposition).

was validly made and that the taxpayer received a copy of Form 4340. However, the taxpayer denies she ever received a copy of Form 4340 prior to the declaration of Ms. Reed being mailed to her. The declaration of Rhonda Reed does not indicate that she personally mailed the letter. Nothing in the declaration of Ms. Reed indicates whether the notices were sent by regular, certified or registered mail. Rather, Ms. Reed declares that according to Form 4340 and standard IRS procedure, notices would have been mailed on the dates noted on the form, June 22, 1993 and August 9, 1993.

As stated by the *Huff* court, the court is unaware of any authority indicating that Form 4340, standing alone, constitutes evidence that a copy of the assessment has been provided to the taxpayer. *Id.* at 1446. Accordingly, this court finds that it is a disputed issue as to whether or not the notices on June 22, 1993, and August 9, 1993, were mailed to the plaintiff and summary judgment would not be appropriate on this claim. The court did review *Chila* regarding the failure to receive notices. However, in order to properly decide whether the disputed fact is material, the court requests further briefing from the parties on the limited issue of the impact on the lien of a failure of the government to provide the required notices under 26 U.S.C. § 6303(a).

### ORDER

Being fully advised in the premises, the court hereby **ORDERS** that:

1) Defendant's Motion for Summary Judgment (Dkt. # 3) is **GRANTED IN PART AND DENIED IN PART.** As to the plaintiff's claim that the assessment was not properly made, the court grants summary judgment in favor of the government. All other portions of the defendant's motion are denied at this time.

2) Plaintiff's Cross–Motion for Summary Judgment (Dkt. # 6) is **GRANTED IN PART AND DENIED IN PART** as summary judgment is granted in favor of the plaintiff on the government's failure to provide the requested information. The government shall reduce the amount owed by the plaintiff to the IRS by the amount of plaintiff's costs relating to filing her lawsuit on this claim. Plaintiff shall submit her costs to the court clerk on or before April 15, 1996. All other portions of plaintiff's cross motion for summary judgment are denied at this time.

3) The parties shall submit supplemental briefing to the court on the impact of the issue of an alleged failure to provide notice of the assessment and notice of demand. The government shall file its supplemental brief on or before April 1, 1996. The plaintiff shall file its supplemental response brief on or before April 18, 1996. Finally, the government may file a reply brief on or before May 6, 1996.