United States Court of Appeals
For the Eighth Circuit
_____

No. 15-1626
_____

Leroy Muncy

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*
_____

Appeal from The United States Tax Court
_____

Submitted: January 28, 2016
Filed: March 2, 2016
[Unpublished]
_____

Before BENTON, BOWMAN, and KELLY, Circuit Judges.
_____

PER CURIAM.

Leroy Muncy appeals the tax court's order finding that he owed additional income taxes and penalties. Upon careful review, and for the reasons set forth below, we vacate the order, and remand the case to the tax court for further proceedings.

In December 2011, Muncy filed a petition in the tax court, attaching a September 2011 notice of deficiency (NOD) and a statement indicating that he owed

additional income taxes and penalties.  The NOD was printed on letterhead from the "Department of Treasury, Internal Revenue Service, Small Business and Self-Employed," and it was signed by Janet Miller, an Internal Revenue Service (IRS) "Technical Services Territory Manager," who purported to issue the NOD on behalf of the Commissioner of Internal Revenue.  Muncy argued to the tax court that the NOD had not been issued by a duly authorized delegate of the Secretary, that it was null and void, and that the tax court thus lacked jurisdiction.  He also disputed the amount of the deficiencies and penalties set forth in the NOD.  The tax court concluded that the case did not involve the legitimacy of the NOD, that the lack of proper delegation of authority to Miller was not an issue in the case, and that Muncy's jurisdictional argument was frivolous.  After an April 2014 trial, the tax court entered a December 2014 memorandum and order, finding that Muncy owed the additional income taxes and penalties set forth in the NOD.  On appeal, the sole issue raised by Muncy is whether the tax court lacked subject matter jurisdiction in light of his challenge to the legitimacy of the NOD.

We review determinations of the tax court's jurisdiction de novo.  See Bartman v. Comm'r, 446 F.3d 785, 787 (8th Cir. 2006) (standard of review; as Article I court, tax court's jurisdiction is "strictly limited").  Upon review, we conclude that the tax court erred by declining to address the legitimacy of the NOD.  See 26 U.S.C. §§ 6212(a) (authorizing "the Secretary" to issue NODs), 6213(a) (authorizing taxpayer to file suit in tax court for redetermination of noticed tax deficiency); see also 26 U.S.C. § 7701(a)(11) ("the Secretary" means Secretary of Treasury or his delegate), (12) (defining Secretary's "delegate"); Bartman, 446 F.3d at 787 (discussing jurisdictional nature of NODs).  We further conclude that the undeveloped record does not establish whether Miller occupied a position that gave her authority-- under the delegation order in effect at the time the NOD was issued, or under any other authorization--to issue Muncy the NOD.  Accordingly, we vacate the December 2014 memorandum and order, and remand this case to the tax court with instructions to determine whether Miller had authority to issue the NOD that is the subject of this

case, and for further proceedings consistent with that determination.  Cf. Schweiss v. Chrysler Motors Corp., 922 F.2d 473, 476 (8th Cir. 1990) (noting benefit of having trial court address disputed factual issues in first instance).

_____