T.C. Memo. 2017-202

UNITED STATES TAX COURT

HENRY M. JAGOS AND KATHY A. JAGOS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 476-16.                          Filed October 16, 2017.

Henry M. Jagos and Kathy A. Jagos, pro sese.

Alicia A. Mazurek and Robert D. Heitmeyer, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, Judge: This case comes before the Tax Court as a result of a

petition filed by Henry M. Jagos and Kathy A. Jagos. The Jagoses are married and

filed their 2012 tax return jointly. In 2012 they received $544,167 in income.

[*2] They do not dispute receiving the income, but instead they make various frivolous arguments as to why it is not taxable.  We find for the Commissioner.

FINDINGS OF FACT

In 2012 the Jagoses, either directly or through a wholly owned passthrough entity, received income from the following sources and in the following amounts:

| Source | Amount |
|---|---|
| Asset Acceptance, LLC | $1,000 |
| Zerobase Energy, LLC | 616 |
| Michigan Switchgear Services, Inc. | 18,108 |
| Weltman, Weinberg & Reis, Co. LPA | 4,500 |
| Fidelity Investments | 519,943 |
| Total | 544,167 |

The Jagoses filed a Form 1040, U.S. Individual Income Tax Return, for 2012.  On that return they reported zero taxable income and claimed a refund of $98,387, the amount withheld by Fidelity Investments from payments it made to them.  Along with their Form 1040 for 2012, the Jagoses also submitted several other documents:

**[*3]** • three Forms 4852, Substitute for Form W-2, Wage and Tax Statement, or

Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-

Sharing Plans, IRAs, Insurance Contracts, etc., and

• two documents each labeled "corrected Form 1099-MISC".

Each of these documents reported zero taxable income.

In addition to the Form 1040, the three Forms 4852, and the corrected Forms 1099-MISC, the Jagoses submitted a letter describing the documents and explaining the position they took on their return. In the letter they state that they included the additional forms "due to the fact that the 'PAYER'S' [sic] provided the 1099's which erroneously alleged payments of Internal Revenue Code (IRC) sections 3121 & 3401 wages".[1] The letter goes on to state that the income they received is not taxable because they "are private-sector citizens (non-federal employee) employed by a private-sector company (non-federal entity) as defined in 3401(c)(d)."

The Commissioner froze the Jagoses' tax refund and selected their 2012 income tax return for audit. The Commissioner issued a notice of deficiency on October 8, 2015, and adjusted the Jagoses' taxable income by $544,167. He found

---

[1]All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*4] that the Jagoses had $1,000 in taxable income from Asset Acceptance, LLC, $616 in taxable income from Zerobase Energy, LLC, $18,108 in taxable income from Michigan Switchgear Services, Inc., $4,500 in taxable income from Weltman, Weinberg & Reis, Co. LPA, and $519,943 in taxable income from Fidelity Investments. The Commissioner found that the Jagoses were entitled to a $1,711 self-employment tax adjustment and determined a deficiency of $155,149. The Commissioner applied against the deficiency the frozen refund attributable to the amount withheld by Fidelity Investments and determined an accuracy-related penalty of $11,352 under section 6662(a) and (d) on the remaining underpayment, leaving a total amount due of $68,114 plus interest. The Commissioner also assessed a frivolous tax return submission penalty under section 6702.

The Jagoses filed a petition for redetermination to this Court on January 6, 2016. At the time they filed the petition they resided in Michigan. In their petition they argue that none of the income they received was taxable and that the notice of deficiency is invalid because the Commissioner had no firsthand knowledge of the income giving rise to the deficiency. The Jagoses also argue that the Commissioner failed to prepare a substitute for return, violating section 6020(b), and that they are not liable for the penalty under section 6702.

**[*5]** At trial the Jagoses reiterated the arguments in their petition. They requested an opportunity to submit written briefs following the trial, which the Court allowed. The Court also directed them to two cases, <u>Wnuck v. Commissioner</u>, 136 T.C. 498 (2011), and <u>Waltner v. Commissioner</u>, T.C. Memo. 2014-35, <u>aff'd</u>, 659 F. App'x 440 (9th Cir. 2016), and encouraged them to abandon arguments that had been repeatedly rejected by this Court and others. The Jagoses agreed to review both cases and assured the Court that the brief would be no more than 15 pages. The brief they submitted to the Court was over 70 pages, and they failed to abandon the well-worn tax-protester arguments that this Court has rejected time and again.

## OPINION

The issues before the Court are whether the income the Jagoses received is taxable and whether the Jagoses are liable for the accuracy-related penalty under section 6662. The Jagoses bear the burden of proof and must produce credible evidence that they are not liable for the tax deficiency determined by the Commissioner.[2]

The Jagoses conceded that they received the income and failed to offer any credible evidence or meritorious legal arguments that it is not taxable.

---

[2]<u>See</u> Rule 142(a)(1).

[*6] Accordingly, we sustain the determined deficiency and accuracy-related penalty. Most of the arguments that the Jagoses presented in their petition, at trial, and in their briefs are familiar tax-protester arguments that we have rejected repeatedly. The other arguments that they have raised are either irrelevant or involve issues outside the Tax Court's jurisdiction.

I.     Receipt of Taxable Income Under Section 61

Section 61(a) provides that "gross income means all income from whatever source derived". That includes the payments that the Jagoses received in 2012. The Jagoses have not advanced any credible arguments or offered any credible evidence showing that the payments they received were not taxable income. As a general matter we do not refute frivolous arguments "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."[3] The Jagoses offered only "tax protester" or "tax defier" arguments. Consequently, we choose not to address them here.[4]

II.     Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on any portion of an underpayment of tax that is due to any substantial understatement of

---

[3]Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

[4]See Wnuck v. Commissioner, 136 T.C. 498 (2011).

**[*7]** income tax.  This penalty does not apply to any portion of an underpayment for which a taxpayer establishes that he or she had reasonable cause and acted in good faith.[5]  The Commissioner bears the burden of production for this penalty before the burden shifts to taxpayers to prove that the penalty should not apply.[6]  When an understatement of income tax is substantial, as defined in section 6662(d), we routinely hold that the Commissioner has met his burden as to the substantial understatement penalty.[7]  An understatement is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000.[8]  The Jagoses' understatement of tax is $155,149, clearly meeting the statutory threshold.  The Jagoses have not offered any evidence indicating reasonable cause or showing that they acted in good faith.  Consequently, they are liable for the accuracy-related penalty.

---

[5]Sec. 6664(c)(1).

[6]Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

[7]See, e.g., Mudrich v. Commissioner, T.C. Memo. 2017-101, at *14-*15; Johnson v. Commissioner, T.C. Memo. 2014-67, at *9-*10.

[8]Sec. 6662(d)(1)(A).

**[\*8]** III.     Frivolous Tax Return Submission Penalty Under Section 6702

The Jagoses seek to challenge the frivolous tax return submission penalty that the Commissioner assessed against them. Under section 6702 the Commissioner can impose a $5,000 penalty for a frivolous return. This civil penalty is immediately assessable, and deficiency procedures do not apply to its assessment or collection.[9] As a result, this civil penalty is outside the jurisdiction of the Tax Court and is not properly before us in this case.

IV.     Section 6020 Substitute for Return

The Jagoses also argue that the Commissioner is required to prepare a substitute for return under section 6020. Section 6020 gives the Commissioner the authority to prepare a return for a taxpayer when that taxpayer fails to file a return. The Jagoses filed a return for 2012. Consequently, the Commissioner was not required to prepare a substitute for return under section 6020.

V.     Sanctions Under Section 6673

Under section 6673 the Court is permitted to impose a penalty of up to $25,000 if a taxpayer takes a frivolous or groundless position or maintains a proceeding primarily for delay. A position is frivolous if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in

---

[9]Sec. 6703(b).

[*9] the law."[10]  Frivolous claims waste judicial resources, divert resources away from serious claims, and delay the collection of tax.[11]  At trial the Court encouraged the Jagoses to abandon their frivolous arguments and cited specific authorities for them to consider.  The arguments raised in their 70-page brief were a rehash of the very same arguments that were dispatched in those cases.  And the Jagoses have raised frivolous arguments at every stage of this process from their 2012 income tax return to their closing brief.  For disregarding the cases cited to them and wasting the Court's resources with their frivolous arguments, we impose a sanction under section 6673 of $1,000.

VI.  Conclusion

The Jagoses received $544,167 of taxable income in 2012.  They have not offered any credible evidence or meritorious legal arguments that the income they received is not taxable.  The Jagoses are also liable for an accuracy-related penalty under section 6662.  They have not offered any defense to the penalty.  Although the Jagoses were encouraged to abandon their frivolous arguments and directed to

---

[10]Takaba v. Commissioner, 119 T.C. 285, 287 (2002) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

[11]Wnuck v. Commissioner, 136 T.C. at 510-512.

**[*10]** cases that clearly refute the arguments they made, they continued to pursue them.  Consequently, the Court is imposing a $1,000 penalty under section 6673.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.